**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| VISCOUNT DAVID CAHAL OF IR EXPRESS TRUST AND OTHERS, ET AL., Plaintiffs, | § § § § | |
| V. | § § | CIVIL ACTION NO. 4:26-CV-205-P |
| ROCKET MORTGAGE, LLC, ET AL., Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING REMAND**

On February 23, 2026, the above-styled and numbered cause was removed to this Court by Defendant Rocket Mortgage LLC ("Rocket Mortage").[1] Rocket Mortgage removed the case to this Court [doc. 1] claiming that this Court had subject matter jurisdiction to hear the case, pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction. (Defendants' Notice of Removal ("Not. of Rem.") at 2.) Subsequently, on March 2, 2026, Rocket Mortgage filed a Rule 12(b)(1) Motion to Dismiss for Lack of Standing i.e., for lack of subject matter jurisdiction. (Rocket Mortgage LLC's Rule 12(b)(1) Motion to Dismiss for Lack of Standing at 2.) Specifically, Rocket Mortgage now argues that "Plaintiffs lack standing because the Trust is not represented by counsel and O'Brien is not an attorney who can represent the Trust." (Brief in Support of Rocket Mortgage, LLC's Rule 12(b)(1) Motion to Dismiss for Lack of Standing ("Br. in Supp.") at 4.) Confusingly, Rocket Mortgage now asks this Court to dismiss the same case it removed because the Court does not, in fact, have subject matter jurisdiction to hear the case. (Br. in Supp. at 3, 7.)

---

[1] The Court notes that there are two additional Defendant in this case, Jay Bray and CT Corporation, that did not join in the Notice of Removal. (Not. of Rem. at 5.) Rocket Mortgage claims that "Jay Bray and CT Corporation [were] improperly joined or [are] nominal parties whose consent is unnecessary to perfect removal." (*Id.*)

1

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). It is well settled that "the issue of standing is one of subject matter jurisdiction." *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). In the context of a case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C.A. § 1447(c) (emphasis added). Finally, a removing defendant has the burden of establishing the existence of federal subject matter jurisdiction. *See Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000).

Here, Rocket Mortgage, as the defendant who removed this case, bears the burden of establishing the existence of subject matter jurisdiction. *See id*. Rocket Mortgage now state that "Plaintiffs presently lack standing to pursue any claims against Rocket Mortgage" and, as a result, this Court lacks subject matter jurisdiction. *See Cobb*, 461 F.3d at 635. Because this case was removed from state court and it "appears that the district court lacks subject matter jurisdiction," this case must be remanded. 28 U.S.C.A. § 1447(c).

The Court feels compelled to note that Rocket Mortgage's "litigation conduct reveals their misunderstanding about federal jurisdiction and our federal system." *Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023). "Plaintiffs sued in state court—a choice that (as far as we know) plaintiffs had every right to make." *Id.* Rocket Mortgage "removed [this case] to federal court on the assurance [this Court] would have the jurisdiction defendants invoked. Then, having invoked federal jurisdiction, defendants turned around and sought a dismissal in federal court on the grounds that the plaintiffs lacked standing." *Id.* As noted by the Fifth Circuit, "[t]hat is not how the system works. Either the federal courts have subject matter jurisdiction, and the plaintiffs'

claims can be adjudicated; or there is no federal jurisdiction, and the suit must be remanded to state court. Federal jurisdiction is not a game of whack-a-mole." *Id.*

After reviewing the Notice of Removal and Rocket Mortgage LLC's Rule 12(b)(1) Motion to Dismiss for Lack of Standing, the Court **FINDS and CONCLUDES** that it does not have subject matter jurisdiction to hear this suit. Consequently, the Court **RECOMMENDS** that this case be **REMANDED** to the 67th Judicial District Court, Tarrant County, TX, cause no. 067-373797-26. *See Lutostanski*, 88 F.4th at 588 (ordering the district court to remand a case to state court when a case was removed to federal court and the defendants later moved to dismiss for a lack of standing).

<u>**NOTICE OF RIGHT TO OBJECT TO PROPOSED**</u>
<u>**FINDINGS, CONCLUSIONS AND RECOMMENDATION**</u>
<u>**AND CONSEQUENCES OF FAILURE TO OBJECT**</u>

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C § 636(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Findings, Conclusions, and Recommendation where the disputed determination is found. Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the

United States District Judge.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 18, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 4, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE